UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SANDEEP GARCHA,<br>Defendant. | Case No. 19-cr-00663-EJD-1 (VKD)<br><br>**REVOCATION OF RELEASE;<br>DETENTION ORDER** |

At his initial appearance, the United States moved for detention of defendant Sandeep Garcha. The Court held hearings on the government's motion on December 3 and 5, 2019, after which the Court ordered Mr. Garcha released on a $100,000 bond, secured by real property, and several special conditions, including strict location conditions. Dkt. No. 14. Mr. Garcha was present at the hearings and represented by counsel. *Id.*

On December 26, 2019, Pretrial Services reported to the Court that Mr. Garcha had twice violated the conditions of his release relating to restrictions on his location. Dkt. No. 15. The government moved for revocation of release. The Court held a hearing on the alleged violations on December 27, 2019. Mr. Garcha was present and represented by counsel.

For the reasons stated on the record during the December 27, 2019 hearing and as set forth below, the Court finds that there is clear and convincing evidence Mr. Garcha violated his conditions of release and that detention is warranted. This order may be appealed to the presiding judge.

**I.  BACKGROUND**

As set forth in the indictment, the government charges Mr. Garcha with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Garcha is presumed innocent of these charges. *See* 18 U.S.C. § 3142(j).

Pretrial Services prepared a pre-bail report on December 2, 2019, which was shared with the Court and counsel for the parties. Pretrial Services prepared a violation memorandum on December 26, 2019, which also was shared with the Court and counsel for the parties. The Court adopts the facts set forth in the Pretrial Services report and memorandum, as indicated below. Both parties presented arguments and evidence by proffer through counsel at the hearings, which were conducted in public.

## II. LEGAL STANDARDS

On a motion for revocation of release for violating a condition of pretrial release the government must show by clear and convincing evidence that a violation occurred. 18 U.S.C. § 3148(b)(1)(B). The government also must show by a preponderance of the evidence that the defendant is unlikely to abide by any condition or combination of conditions of release, or that no condition or combination of conditions of release will reasonably assure that the defendant will not flee or pose a danger to the safety of other persons or the community. *Id*. § 3148(b)(2); *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986); *United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990).

## III. DISCUSSION

### A. Nature and Circumstances of the Offense

According to the complaint, in August 2019 law enforcement authorities in San Jose discovered a loaded firearm concealed in a sofa in an apartment that Mr. Garcha frequented, together with information indicating that the firearm belonged to Mr. Garcha. During the hearing, the government proffered additional evidence, including statements made by Mr. Garcha upon his arrest in October 2019, that support the government's contention that the firearm in question belonged to Mr. Garcha. According to the indictment and the criminal history presented at the hearing, Mr. Garcha was convicted in 2005 of two counts of carjacking, two counts of kidnapping, and one count of second degree robbery, all felonies, in violation of California state law, and was sentenced to 12 years' imprisonment. He was on probation for that offense when he was arrested

in this case. Mr. Garcha faces a maximum prison term of 10 years for the offense with which he is currently charged.

### B. Weight of the Evidence

The weight of the evidence is difficult to assess at this stage of the case. The government proffers that Mr. Garcha made admissions to law enforcement regarding the charged conduct. However, the Court observes that the weight of the evidence is the least important consideration. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

### C. Personal Characteristics of the Defendant

Mr. Garcha is 43 years old. He has lived in Fremont, California and surrounding areas for most of his life, although he has been incarcerated during some of that time. Mr. Garcha graduated high school, and received an Electrical Technician Card from ITT Tech in 2015. At the time of his arrest Mr. Garcha had recently begun employment in San Jose, and advised the Court he could continue in that employment if released.

Mr. Garcha's mother agreed to serve as his custodian and permitted him to reside with her in Tracy, California in the Eastern District of California. She also agreed to co-sign a substantial bond secured by real property that she owns. Mr. Garcha's sister also agreed to co-sign a portion of the bond.

Mr. Garcha has a history of substance abuse. He has no history of mental health issues or treatment. However, he does have a number of serious medical conditions that require treatment with medications, doctors' visits, and a special diet.

In addition to the 2005 felony convictions described above, Mr. Garcha has several arrests and adult criminal convictions, including felony convictions. He also has several violations of probation or supervised release.

### D. Nature and Seriousness of the Danger to Others Posed by Defendant's Release

In addition to the conduct charged in the indictment, the government relied on evidence of Mr. Garcha's substantial, recent criminal history, as described above. While the Court does not give substantial weight to conduct for which Mr. Garcha was arrested but not convicted, the recent history of serious convictions, including convictions involving firearms, supports the

government's contention that Mr. Garcha poses a danger to the others and the community. In addition, Mr. Garcha's past failures to comply with conditions of release while on probation, support the government's contention that he is unlikely to comply with conditions that the Court may set to assure the safety of others.

Mr. Garcha argues that his significant medical conditions render him less likely to pose a danger to anyone. He also argues that those medical conditions make him susceptible to health problems and other complications if he is held in custody.

### E. Conditions of Release

In ordering Mr. Garcha released, the Court carefully considered conditions of release that were necessary to reasonably assure the safety of others and the community and Mr. Garcha's appearance as required. The Court considered a combination of location restrictions, monitoring, and substance abuse counseling or treatment, together with the requirement of a significant secured bond, were necessary to provide such reasonable assurance. Accordingly, the Court ordered Mr. Garcha released on a bond in the amount of $100,000, secured by real property and co-signed by Mr. Garcha, his mother, and his sister. In addition to the standard conditions, the Court imposed the following special conditions of release:

1. Defendant must submit to supervision by Pretrial Services and must report immediately upon release and thereafter as directed to Pretrial Services.

2. Defendant must surrender all passports and other travel documents to Pretrial Services immediately and must not apply for other passports or travel documents.

3. Defendant must not possess any firearm, destructive device, or other dangerous weapon.

4. Defendant must not use alcohol to excess and must not use or possess any narcotic or other controlled substance without a legal prescription.

5. Defendant must maintain current employment, or if unemployed must seek and maintain verifiable employment, or must commence an educational program subject to approval by Pretrial Services.

6. Defendant must submit to drug and/or alcohol testing as directed by Pretrial Services.

7. Defendant must not change residence or telephone number without prior approval of Pretrial Services.

8. Defendant must remain in the custody of his mother at her residence in Tracy, California.

9. Defendant must not travel outside of the Northern District of California or the Eastern District of California.

10. Defendant must remain at his residence at all times except for employment; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-approved obligations; or other activities approved in advance by Pretrial Services.

11. Defendant must submit to location monitoring as directed by Pretrial Services to ensure compliance with all court-ordered location restrictions.

### F.  Alleged Violations

The Court concludes that the government has more than carried its burden to show that Mr. Garcha twice violated the condition of his release that requires him to remain at his residence at all times except for specific activities approved in advance by Pretrial Services. Mr. Garcha does not contest that he committed the violations. The Court also finds that Mr. Garcha was not candid with Pretrial Services about his awareness that his conduct amounted to violations of his release conditions.

### G.  Revocation or Modification of Release

Mr. Garcha violated the conditions relating to his location restrictions twice only a few days after his release began. Equally important, he was dishonest with Pretrial Services about his awareness of the restrictions and the consequences for violating those restrictions. Moreover, Mr. Garcha's mother has demonstrated, by her failure to observe and understand Mr. Garcha's location restrictions, that she is not a suitable custodian.

In view of Mr. Garcha's violations of his release conditions, and given his history of failure to comply with conditions of release reflected in his criminal history, I conclude that Mr. Garcha is not amenable to pretrial supervision and is unlikely to comply with conditions of release. In addition, the Court concludes that, based on the present record, no condition, or combination of conditions, of release could be imposed that would reasonably assure the safety of other persons or the community and Mr. Garcha's appearance for court proceedings.

## IV.  CONCLUSION

Accordingly, defendant Sandeep Garcha is committed to the custody of the Attorney

General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Mr. Garcha shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Garcha to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: December 27, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge