UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SANDEEP GARCHA,<br>Defendant. | Case No. 19-cr-00663-EJD-1 (VKD)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELEASE**<br>Re: Dkt. No. 20 |

Defendant Sandeep Garcha moves for release for pretrial detention, citing new information material to the Court's consideration of appropriate conditions of release under 18 U.S.C. § 3142(f)(2), and asserting that compelling reasons necessitate release under 18 U.S.C. § 3142(i). Dkt. No. 20. The United States opposes the motion on both grounds. Dkt. No. 21. The Court held a hearing on the motion by telephone on March 31, 2020. Dkt. No. 23. Counsel for the parties, Officer Anthony Granados of Pretrial Services, and Mr. Garcha's sister Virinder Garcia were present. *Id.* At the hearing, counsel for Mr. Garcha represented that Mr. Garcha waived his appearance. *Id.*; *see also* Dkt. No. 20 at 7. The Court conducted a further hearing on April 1, 2020 during which counsel for the parties, Officer Granados, and Mr. Garcha's mother, Ajmit Garcha were present. Dkt. No. 25.

For the reasons explained below, the Court grants Mr. Garcha's motion for temporary release under 18 U.S.C. § 3142(i), but denies his motion for release from detention under 18 U.S.C. § 3142(f)(2). Either party may appeal this order to the presiding judge.

## I. PROCEDURAL HISTORY

Mr. Garcha is charged by indictment with violation of 18 U.S.C. § 922(g)(1) for

knowingly possessing a firearm and ammunition, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Dkt. No. 5. He faces a maximum term of imprisonment of 10 years.

The United States moved for detention of Mr. Garcha at his initial appearance in this matter. Dkt. No. 4. The Court held hearings on the United States' motion on December 3 and 5, 2019, after which the Court ordered Mr. Garcha released on a $100,000 bond secured by real property with several special conditions, including strict location conditions and supervision by a custodian: his mother, Ajmit Garcha, with whom he would reside. Dkt. No. 14. Mr. Garcha was present at the hearings and represented by counsel. *Id.*

On December 26, 2019, only a few days after his release, Pretrial Services reported to the Court that Mr. Garcha had twice violated the conditions of his release relating to restrictions on his location and that he had been dishonest with Pretrial Services about his understanding of the conditions. Dkt. No. 15. The United States moved for revocation of release. The Court held a hearing on the alleged violations on December 27, 2019. The Court found clear and convincing evidence that Mr. Garcha violated his conditions of release and concluded that Mr. Garcha should be remanded to custody. In making that determination, the Court considered each of the factors set out 18 U.S.C. § 3142(g) and issued a written order describing the Court's findings and conclusions. Dkt. No. 17. The Court summarized its conclusions as follows:

> Mr. Garcha violated the conditions relating to his location restrictions twice only a few days after his release began. Equally important, he was dishonest with Pretrial Services about his awareness of the restrictions and the consequences for violating those restrictions. Moreover, Mr. Garcha's mother has demonstrated, by her failure to observe and understand Mr. Garcha's location restrictions, that she is not a suitable custodian.
>
> In view of Mr. Garcha's violations of his release conditions, and given his history of failure to comply with conditions of release reflected in his criminal history, I conclude that Mr. Garcha is not amenable to pretrial supervision and is unlikely to comply with conditions of release. In addition, the Court concludes that, based on the present record, no condition, or combination of conditions, of release could be imposed that would reasonably assure the safety of other persons or the community and Mr. Garcha's appearance for court proceedings.

*Id.* at 5.

## II. MR. GARCHA'S MOTION FOR RELEASE

Mr. Garcha is presently confined at the Santa Rita Jail in Alameda County. Dkt. No. 20 at 2. Since he was remanded to custody by the Court on December 27, 2019, the COVID-19 pandemic has emerged as a global health crisis. A nurse at the jail has tested positive for COVID-19, and at least two housing pods in the jail have been placed under quarantine. *Id.* at 4–5. Mr. Garcha reminds the Court that he suffers from a number of serious medical conditions. He is HIV-positive, has a brain tumor, and suffered a pulmonary embolism in 2017. *Id.* at 2. Mr. Garcha is not currently housed in one of the quarantined pods, but he argues that his current health conditions render him particularly susceptible to developing a life-threatening illness were he to contract the COVID-19 virus, and the conditions of his confinement in pretrial detention make it more likely that he will contract the virus. *Id.* He also says that he is not receiving necessary medical treatment for his existing health conditions—specifically, an MRI necessary to monitor the progression of his brain tumor. *See id.* at 5.

Mr. Garcha moves to reopen his detention hearing under 18 U.S.C. § 3142(f)(2) and requests release based on new information that he contends was not known at the time of his original detention hearing or his violation hearing in December 2019. *Id.* at 2. In addition to the increased risk to his physical health the COVID-19 virus poses, Mr. Garcha says his exceptional conduct while in custody during the past several months and the availability of more suitable custodian—his sister, Virinder Garcia—justify reconsideration of his detention and will allow the Court to impose conditions of release that will reasonably assure the safety of other persons or the community and Mr. Garcha's appearance for court proceedings. *Id.* at 6.

Mr. Garcha also moves for release under 18 U.S.C. § 3142(i). *Id.* at 2. He argues that the increased risk to his health posed by the COVID-19 virus is a compelling reason for his release from custody at this time, and that his sister is an appropriate person to serve as his custodian. *Id.* at 3–6.

## III. UNITED STATES' OPPOSITION

The United States does not dispute Mr. Garcha's representations about his health and underlying medical conditions or the current conditions at the Santa Rita Jail, but it opposes his

3

1 release on several grounds. First, the United States observes that nothing about the existence of the COVID-19 pandemic makes Mr. Garcha any less of a danger to the community or any less of a flight risk than when the Court considered these issues in December 2019. In particular, the United States emphasizes the Court's prior finding that Mr. Garcha was not amenable to supervision and argues that the risk of danger or flight could not be mitigated because Mr. Garcha is unlikely to comply with any conditions of release. Dkt. No. 22 at 5–6.

Second, the United States argues that Mr. Garcha's history of non-compliance makes him less likely to comply with the shelter-in-place restrictions state and local governments have ordered, and that he therefore exposes the community to even greater danger if he is released now. *Id.* at 7. This risk extends to Pretrial Services personnel who would be tasked with supervising him and monitoring his location.

Third, the United States questions whether Mr. Garcha is truly at greater risk from the COVID-19 virus if he remains in custody in view of the extensive planning the Santa Rita Jail has undertaken to deal with an outbreak in its facility. *See id.* at 9–10. The United States argues that Mr. Garcha has not demonstrated that the risk associated with his particular health conditions constitutes a compelling reason to release him. *Id.* at 10.

## IV. DISCUSSION

### A. Reconsideration of Detention Under 18 U.S.C. § 3142(f)(2)

The Court first considers whether Mr. Garcha has demonstrated that he should be released from detention based on consideration of new information under 18 U.S.C. §§ 3142(f)(2).

As an initial matter, the Court agrees that the new information Mr. Garcha offers is material to the question of whether he should be detained. Among the relevant considerations are Mr. Garcha's physical condition, his other personal characteristics, and the nature and seriousness of the danger to any person or the community that his release would pose. 18 U.S.C. §§ 3142(g)(3)(A), (4). Mr. Garcha points to his commendable conduct while in custody for the past three months, which the jail has recognized by affording him special privileges and responsibilities. He argues that this shows he can and will comply with any requirements the Court sets for his behavior. In addition, Mr. Garcha argues that his sister, Ms. Garcia, who

4

previously served as a co-signer on his bond, is now willing to serve as his custodian. Ms. Garcia works full-time from the home where Mr. Garcha would reside and is able to monitor his conduct, and she represented to the Court that she would not hesitate to report any violations to the Court and Pretrial Services. Finally, the potential impact of the COVID-19 pandemic on Mr. Garcha's health is also new information. Although Mr. Garcha's pre-existing medical conditions were among the factors the Court considered at the time of Mr. Garcha's original detention hearing and his revocation hearing, the emergence of the COVID-19 pandemic combined with Mr. Garcha's conditions of confinement is a development that justifies a reassessment of the risks to Mr. Garcha's health.

Having carefully considered this new information, the Court concludes that it does not support Mr. Garcha's request for release from detention as a general matter pending trial. Mr. Garcha's recent good conduct while in custody and the existence of a more suitable custodian are not sufficient to overcome the Court's significant concerns about Mr. Garcha's earlier failure to comply with his prior conditions of release and his dishonesty about the violations he committed. *See* Dkt. No. 17. The potential impact of the COVID-19 pandemic on Mr. Garcha's health is context dependent and (one hopes) of limited duration. But for the current public health crisis, Mr. Garcha's pre-existing medical conditions would not support his release from detention, and as the crisis is expected to pass eventually, so too will its significance in the Court's consideration of the relevant factors under 18 U.S.C. § 3142(g).

Accordingly, the Court denies Mr. Garcha's motion for release from pretrial detention under 18 U.S.C. §§ 3142(f)(2).

**B.    Temporary Release Under 18 U.S.C. § 3142(i)**

The Court next considers whether Mr. Garcha has shown that compelling reasons necessitate his temporary release from custody under 18 U.S.C. § 3142(i).

Section 3142(i) provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." A serious health issue or

5

1 medical condition may constitute a compelling reason for temporary release under this provision.
2 *See United States v. Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009). Some district courts
3 have permitted the temporary release of pretrial or pre-sentence detainees in circumstances where
4 the detainee's health makes him particularly vulnerable to the COVID-19 virus. *See United States*
5 *v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *3–5 (E.D. Mich. Mar. 27, 2020); *United States*
6 *v. Michaels*, No. SACR 16-76-JVS, 2020 WL 1482553 (C.D. Cal. Mar. 26, 2020); *United States v.*
7 *Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225 (S.D.N.Y. Mar. 19, 2020). Other district courts
8 have declined to do so, at least where there is no evidence of a COVID-19 outbreak in a detention
9 facility or where the request for release is based on generalized fear or speculation. *See United*
10 *States v. Munguia*, No. 3:19-CR-191-B (03), 2020 WL 1471741, at *4 (N.D. Tex. Mar. 26, 2020);
11 *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020);
12 *United States v. Trujillo*, No. 20-cr-00028-EJD-1 (SVK), Dkt. 15 (N.D. Cal. Mar. 19, 2020).

Here, the Court is persuaded that the proffers of evidence from Mr. Garcha's treating physicians, together with the other evidence and public reports on which Mr. Garcha relies, support his contention that his individual circumstances—a compromised immune system and lung damage due to a pulmonary embolism—render him particularly susceptible to infection from the COVID-19 virus while in custody and particularly at risk of severe illness or death as a result of such infection. As discussed during the March 31, 2020 hearing, the Santa Rita Jail has already placed housing pods under quarantine due to suspected COVID-19 virus exposure. The COVID-19 virus is highly contagious, and an outbreak likely will be difficult to contain, despite the best efforts of the Santa Rita Jail officials. It is no answer to say that Mr. Garcha is not ill yet, as once he is, it may be too late. Moreover, Mr. Garcha's present inability to obtain necessary treatment for his brain tumor, whether due to burdens associated with the jail's managing COVID-19 concerns or otherwise, threatens to further compromise his health.

The Court acknowledges the United States' concern that Mr. Garcha's history of non-compliance may pose a risk to the community if he fails to comply not only with conditions of release the Court sets but also with the restrictions state and local governments and public health officials have put in place. In this respect, the existence of a responsible custodian for Mr. Garcha

6

is critical. The Court is satisfied that Ms. Virinder Garcia is a responsible custodian and is advised that Pretrial Services concurs in that assessment. In addition, the Court believes that the risks of danger and flight that concern both the United States and the Court can be mitigated by limiting the duration of Mr. Garcha's release and imposing strict conditions of home confinement that are consistent with state and local stay-at-home directives. Mr. Garcha will be confined to Ms. Garcia's residence with limited exceptions, and he will be subject to location monitoring. Ms. Garcia has committed to monitor Mr. Garcha's behavior and to report any failures to comply with the Court's conditions of release to the Court and Pretrial Services. In these circumstances, the Court finds that Mr. Garcha has met his burden to show a compelling reason for temporary release from detention and that Ms. Garcia is an appropriate custodian for this purpose under 18 U.S.C. § 3142(i).

Accordingly, the Court will issue a separate order releasing Mr. Garcha on a temporary basis until May 4, 2020 with the following special conditions recommended by Pretrial Services:

1. $100,000 bond secured by real property posted by Ms. Ajmit Garcha;[1]

2. Defendant shall report to Pretrial Services as directed;

3. Defendant shall not travel outside the Northern District of California;

4. Defendant shall surrender all passports and visas to Pretrial Services and shall not apply for any passports or other travel documents;

5. Defendant shall not possess any firearm, destructive device, or other dangerous weapon;

6. Defendant shall participate in drug and/or alcohol counseling and submit to drug and alcohol testing as directed by Pretrial Services;

7. Defendant shall not use alcohol and shall not use or possess any narcotic or other controlled substance without a legal prescription;

8. Defendant shall reside at Ms. Virinder Garcia's residence on Seneca Park Avenue in Fremont, California under the custodial supervision of Ms. Garcia;[2]

---

[1] During the hearing on April 1, 2020, Ms. Garcha gave the Court permission to sign the bond order on her behalf.

[2] During the hearing on March 31, 2020, Ms. Garcia gave the Court permission to sign the bond

7

9. Defendant shall be subject to home detention and location monitoring, as directed by Pretrial Services, and may only leave the custodial residence with prior approval of Pretrial Services for necessary medical appointments, court appearances, attorney visits, or other activities approved by Pretrial Services;

10. Defendant shall not change residence without prior approval of Pretrial Services.

Counsel for Mr. Garcha advises that Mr. Garcha has an appointment for an MRI exam on April 2, 2020 at 1:00pm to assess the status of his brain tumor. Pretrial Services advises the Court that Mr. Garcha will not be able to have an MRI exam while fitted with a location monitoring device as the device interferes with the functioning of the MRI machine. For this reason, and to limit Pretrial Services' in-person contact with Mr. Garcha, Mr. Garcha will have an MRI exam immediately following his release from custody, after which Pretrial Services personnel will fit Mr. Garcha with a location monitoring device.

Once he is released from custody, the Court will also require Mr. Garcha to participate in a telephone hearing, during which the Court will obtain his consent to the above conditions and will admonish him concerning the consequences of non-compliance. Counsel for Mr. Garcha shall arrange for this further proceeding by contacting Judge DeMarchi's courtroom deputy.

Mr. Garcha's release will be temporary. Considering the current public health directives requiring members of the community to stay at home until May 1, 2020, the Court will order Mr. Garcha to surrender himself to the custody of the U.S. Marshal on May 4, 2020, the first Monday following expiration of the current public health restrictions. Mr. Garcha may apply to the Court for an extension of this period of release by no later than April 27, 2020. The Court may revoke or amend this order sua sponte if circumstances change, after notice to the parties.

**IT IS SO ORDERED.**

Dated: April 1, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

order on her behalf.

8